**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:10-CR-28 |
| ) | (2:16-CV-369) |
| MICHAEL THOMAS WILSON, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

This matter is before the Court on the letter filed by Michael Thomas Wilson ("Wilson") on June 23, 2016 (DE #55), and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Wilson on August 15, 2016 (DE #57). For the reasons set forth below, the relief sought in both the letter and motion is **DENIED.**

BACKGROUND

On March 4, 2010, Wilson was charged with two counts of distribution of child pornography and one count of possession of child pornography. He pled guilty to all three counts and was sentenced to 210 months of imprisonment for each of Counts One and Two and 120 months of imprisonment on Count Three, to be served concurrently.

Wilson did not file a direct appeal, but on June 23, 2016, he filed a letter with this Court inquiring regarding his eligibility for a sentence reduction under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). This Court construed the letter as a motion pursuant to 28 U.S.C. section 2255 and directed Wilson to notify this Court whether he wished to withdraw the instant petition or whether he wished to add any other arguments for collateral relief on or before July 29, 2016. He was further instructed to provide a memorandum accompanied with citations to legal authority. In response, Wilson filed the instant section 2255 motion. The motion is not accompanied by a memorandum or citation to any legal authority, but contains four separate grounds for relief.

Wilson asks this Court to determine "whether the removal of the residual clause by the United States Sentencing Commission on January 8, 2016 applies to [his] case." (DE #57 at 4). He further seeks a determination regarding "whether Amendment 794 lowers [his] base offense level." (*Id.*). He claims that his trial counsel provided ineffective assistance of counsel. (*Id.*). And, lastly, he seeks a determination of whether his Sixth and Fifth Amendment rights were violated at sentencing. (*Id.* at 5).

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved

for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75

3

F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the

Court assessed Wilson's claims with these guidelines in mind.

Section 2255 contains a 1-year statute of limitations which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f); *see also United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999).

In this case, Wilson was sentenced on October 7, 2011, and the Judgment and Commitment Order was entered on October 14, 2011. He had 14 days to file a notice of appeal, or until October 28, 2011. Therefore, his conviction became final on October 28, 2011. *See Clarke v. United Sates*, 703 F.3d 1098, 1100 (7th Cir. 2013) ("the sentence did not become final until the deadline for filing a notice of appeal expired."). The instant letter, construed by this Court as a section 2255 motion, was not filed until June 23, 2016, more than four years after his judgment became final. Wilson does not argue that government action prevented him from filing a timely petition. Wilson also does not argue that there are facts supporting his claims that could not have been discovered earlier

5

through the exercise of due diligence.

Accordingly, Wilson's claim may only proceed if filed within one year of the date on which the right he is asserting was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Wilson's letter inquired about whether the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ____, 35 S. Ct. 2551 (June 26, 2015), was applicable to him. If *Johnson* is applicable to Wilson, then his 2255 motion would be timely, at least as to the *Johnson* claim. Unfortunately for Wilson, it does not.

In *Johnson*, the Supreme Court of the United States analyzed whether the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551 (2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."

6

*Id.* at 2563. It therefore overruled its prior decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563. The *Johnson* decision is retroactive on both direct appeal and collateral review. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015).

The ACCA applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Wilson was not sentenced as an armed career criminal under the ACCA or the Guidelines. The Court's ruling in *Johnson* is inapplicable to Wilson and does not permit Wilson to bring a motion under section 2255 that would otherwise be untimely. *See Stanley v. United States*, 827 F.3d 562, (7th Cir. 2016)(When a defendant's "conviction is unaffected by *Johnson*, 2255(f)(3) does not grant [the defendant] a fresh window to file a collateral attack.").

Even if Wilson's motion were timely, his claims would face other hurdles. Wilson entered into a plea agreement with a waiver provision, and each of the claims asserted here fall within that waiver, as more fully explained in the Government's response brief. (DE #59 at 8-15).

Furthermore, the claims lack merit. Amendment 794 altered a guideline provision that was not relied upon in sentencing Wilson.

7

Additionally, Amendment 794 is not retroactive on collateral review. *See Attaway v. United States*, No. 16-cv-01047-JPG, 2016 WL 5118836 (Sept. 21, 2016).

His claims that Attorney Clark Holesinger ("Holesinger") was ineffective are vague and conclusory. While Holesinger is now incarcerated himself, the mere fact of his incarceration does not support a claim of ineffective assistance of counsel. Wilson also alleges that Holesinger instructed him not to testify at sentencing, but he provides no details whatsoever and does not explain how he was prejudiced by Holesinger's alleged instruction that he not testify at sentencing.

Wilson's final argument is that his Fifth and Sixth Amendment rights were violated. More specifically, he argues that his conviction violates the double jeopardy clause. The Double Jeopardy clause of the Fifth Amendment provides that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. amend V. Wilson does not explain why he believes the double jeopardy clause was violated. He was convicted of distributing child pornography on two separate occasions and possessing child pornography on a third occasion. His convictions do not violate the double jeopardy clause.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255

Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Wilson has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth above, the relief sought in the letter filed on June 23, 2016 (DE #55), construed by this Court as a motion pursuant to § 2255, and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE #57) are **DENIED.** The Clerk is **ORDERED** to **DISMISS** this

9

civil action **WITH PREJUDICE**.  Additionally, the Court **DECLINES** to issue a certificate of appealability.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 10610-027), Petersburg FCI - 1000 - Low, Federal Correctional Institution, Inmate Mail/Parcels, P.C. Box 1000, Petersburg, VA 23804, or to such other more current address that may be on file for the Petitioner.


**DATED: August 4, 2017**             /s/ RUDY LOZANO, Judge
                                      **United States District Court**